1  Michael Adams (State Bar No. 185835)
   madams@rutan.com
2  Benjamin Deming (State Bar No. 233687)
   bdeming@rutan.com
3  Rutan & Tucker, LLP
   611 Anton Boulevard, Suite 1400
4  Costa Mesa, California 92626-1931
   Tel: (714) 641-5100
5  Fax: (714) 546-9035

6  Attorneys for Plaintiff
   COLOR IMAGE APPAREL, INC.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 COLOR IMAGE APPAREL, INC., a          Case No.
   California corporation,
12                                        **COMPLAINT FOR:**
             Plaintiff,
13                                        **1.    PATENT INFRINGEMENT**
         vs.
14                                        **2.    TRADE DRESS
   ANUAL JACKSON, an individual;                 INFRINGEMENT**
15 FITGIRLS_INSPIRE, an entity of
   unknown form, and DOES 1 through 10,   **3.    UNFAIR COMPETITION**
16
             Defendants.                  **DEMAND FOR JURY TRIAL**
17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker, LLP
attorneys at law

2314/101795-0223
10910431.3 a05/30/17                                      COMPLAINT

1    Plaintiff Color Image Apparel, Inc. ("CIA") alleges as follows against

2    defendants Anual Jackson ("Jackson") and FitGirls_Inspire ("FitGirls") (collectively,

3    "Defendants"):

4                                **NATURE OF THE CASE**

5    1.    This is an action for patent infringement, trade dress infringement and

6    unfair competition based on Defendants' unauthorized copying of CIA's distinctive

7    garment design.  CIA is the creator of ALO® and ALO Yoga® (collectively, "ALO

8    Yoga®"), a hugely popular and rapidly growing brand of athletic wear that competes

9    in the "athleisure wear" market segment; i.e., stylish athletic apparel that is commonly

10   worn in both athletic and non-athletic settings.  The meteoric rise to prominence of

11   the ALO Yoga® brand has been made possible by CIA's innovative and distinctive

12   garment designs, including the Moto Legging at issue in this case.  Photographs of

13   the Moto Legging are attached hereto as **Exhibit A.**   Defendants, without

14   authorization, are copying CIA's distinctive garment design for the Moto Legging,

15   and are thus infringing CIA's design patent, creating consumer confusion, and

16   unfairly competing through their unlawful conduct.   CIA seeks damages and

17   injunctive relief to protect its valuable intellectual property.

18                                    **PARTIES**

19   2.    CIA is a corporation organized and existing under the laws of the State

20   of California with its principal place of business at 6670 Flotilla Street, Commerce,

21   California 90040.

22   3.    On information and belief, Anual Jackson is an individual residing at

23   2575 Summer Brook Street, Melbourne, Florida 32940.

24   4.    On information and belief, FitGirls is an entity of unknown form with a

25   principal place of business at 2575 Summer Brook Street, Melbourne, Florida 32940.

26   5.    On information and belief, Jackson is the owner of FitGirls, which

27   operates an interactive website at https://FitGirlsInspire.com, through which it

28   advertises and sells to consumers residing in this judicial district a legging that is an

Rutan & Tucker, LLP
attorneys at law

1  unauthorized copy of CIA's Moto Legging.

2  6.    On information and belief, FitGirls also advertises its infringing legging

3  on its Facebook page (https://www.facebook.com/fitgirlsinspireme/) and Instagram

4  account (https://www.instagram.com/fitgirls_inspire).

5  7.    On information and belief, Defendants have purposefully directed

6  business activities toward consumers residing in this judicial district, including

7  without limitation by offering for sale, selling, and entering into sales contracts for

8  the infringing product with residents of this judicial district, directing online

9  advertising of the infringing products toward residents of this judicial district, and

10 calculating and collecting California sales tax on sales of the infringing product to

11 residents of this judicial district.

12 8.    By engaging in the activities set forth herein, Defendants have

13 purposefully availed themselves of the privilege of conducting activities in this forum,

14 thereby invoking the benefits and protections of the laws of the State of California,

15 and of this judicial district in particular.

16 9.    On information and belief, each of the defendants named herein as

17 DOES 1 through 10, inclusive, performed, participated in, or abetted in some manner,

18 the acts alleged herein, proximately caused the damages alleged below, and are liable

19 to CIA for the damages and relief sought herein.  The identifies of the individuals and

20 entities named as defendants DOES 1 through 10, inclusive, are not presently known,

21 but CIA will seek to amend the Complaint to identify them when their names and

22 identities have been ascertained.

23 10.   Jackson, FitGirls, and DOES 1 through 10 are sometimes referred to

24 collectively as "Defendants" and each is sometimes referred to individually as a

25 "Defendant."

26 11.   On information and belief, CIA alleges that, in performing the acts and

27 omissions alleged herein, and at all times relevant hereto, each of the Defendants was

28 the agent, servant, alter ego, employee, and/or successor or predecessor in interest of

Rutan & Tucker, LLP
attorneys at law

1  each of the other Defendants, and was at all times acting within the course and scope

2  of such relationship, with the knowledge, approval, consent, or ratification of each of

3  the other Defendants.

4  ## JURISDICTION AND VENUE

5      12.    This action arises under the Patent Laws of the United States, 35 U.S.C.

6  § 101 et seq., the Lanham Act, 15 U.S.C. section 1125 *et seq.*, and common law unfair

7  competition.  This Court has subject matter jurisdiction over this action pursuant to

8  28 U.S.C. sections 1331 and 1338 and 15 U.S.C. section 1121, because CIA's claims

9  arise, in part, under the Patent Act and Lanham Act.  This Court has supplemental

10  jurisdiction pursuant to 28 U.S.C. sections 1338(b) and 1367 over CIA's claims

11  arising under the laws of the State of California.

12      13.    This Court has personal jurisdiction over Defendants because, on

13  information and belief, Defendants operate an interactive website at

14  https://FitGirlsInspire.com, through which they advertise and sell goods that infringe

15  CIA's design patent and its trade dress to consumers residing in this judicial district,

16  thereby invoking the benefits and protections of the laws of this judicial district.

17      14.    Venue is proper in the Central District of California under 28 U.S.C.

18  sections 1391 and 1400 because, on information and belief, a substantial part of the

19  events, omissions and acts that are the subject matter of this action arise out of or

20  relate to Defendants' activities within the Central District of California: namely, the

21  advertisement and sale of goods that infringe CIA's design patent and trade dress to

22  residents of this judicial district.

23  ## FACTUAL ALLEGATIONS

24      15.    CIA has protected its innovative apparel design for the Moto Legging

25  through, in part, securing a design patent, United States Patent No. D774,731 ("the

26  '731 Patent"), directed to a design for exercise leggings.  The '731 Patent issued on

27  December 27, 2016.

28      16.    The '731 Patent claims the ornamental design for exercise leggings as

Rutan & Tucker, LLP
attorneys at law

1  shown and described in Figures 1-7 of the '731 Patent.  A true and correct copy of the

2  '731 Patent is attached hereto as **Exhibit B**.

3       17.    The '731 Patent is presumed to be valid.

4       18.    On information and belief, without the authorization of CIA,

5  Defendants have made, used, offered for sale, sold, and/or imported into the United

6  States a garment design called the Stretch Prim Legging having a design that

7  infringes the '731 Patent, and continues to do so as of the date of this complaint.

8  True and correct copies of photographs of the infringing Stretch Prim Legging as

9  displayed on Defendants' website (https://FitGirlsInspire.com), Facebook Account,

10 and Instagram Account are attached hereto as **Exhibit C**.

11      19.    The overall appearance and design of the invention embodied in the

12 '731 Patent and the corresponding design of the infringing Stretch Prim Legging

13 are substantially the same.

14      20.    On information and belief, an ordinary observer will perceive the overall

15 appearance of the design of the invention embodied in the '731 Patent and the

16 corresponding designs of Defendants' infringing Stretch Prim Legging to be

17 substantially the same.

18      21.    Table 1, below, shows side-by-side comparisons of the '731 Patent

19 design (left), with the infringing Stretch Prim Legging (right).  A copy of Table 1 is

20 also attached as **Exhibit D**.

21

22

23

24

25

26

27

28

Rutan & Tucker, LLP
attorneys at law

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Table 1: Comparison of '731 Patent and Defendants' Infringing Stretch Prim Legging | |
|---|---|
| '731 Patent Figures | Defendants' Infringing Legging |
| FIG. 1 | |
| FIG. 2 | |

| Table 1: Comparison of '731 Patent and Defendants' Infringing Stretch Prim Legging | |
| --- | --- |
| '731 Patent Figures | Defendants' Infringing Legging |
|  FIG. 5 |  |

22.    On information and belief, Defendants intended to copy the design covered by the '731 Patent.

23.    On information and belief, Defendants sell and offer to sell the infringing Stretch Prim Legging directly to end-user customers through their e-commerce website, as well as to third-party resellers.

24.    On information and belief, Defendants have infringed and continue to infringe the '731 Patent within the meaning of 35 U.S.C. § 271 at least by making, using, selling, offering to sell, and/or importing their infringing leggings in the United States without CIA's authorization.

25.    Long before Defendants used any similar design for leggings, CIA has manufactured, advertised and sold the Moto Legging.  The design of the Moto Legging, including without limitation, the total image and overall appearance determined by its features such as the size, dimensions, shape, cut, fabric and ornamental striping, is distinctive and non-functional.   These features are collectively referred to as the "Alo Moto Legging Trade Dress."  True and correct

1  copies of photographs of the Alo Moto Legging Trade Dress are attached hereto as

2  **Exhibit A**.

3       26.    CIA has made substantial sales of goods under the Alo Moto Legging

4  Trade Dress and has extensively advertised and marketed its product in the United

5  States.  CIA has widely promoted and marketed its goods in numerous and diverse

6  advertising media, including print catalogs and the internet, to promote the strength

7  and renown of its Alo Moto Legging Trade Dress.  CIA has achieved a high level of

8  commercial success in selling products using its trade dress and has built a valuable

9  reputation and substantial goodwill.

10       27.    Through CIA's extensive efforts, the Alo Moto Legging Trade Dress has

11  been established as a unique source identifier indicating CIA as the origin of the

12  goods.  Based on CIA's extensive advertising, marketing and sales of apparel under

13  its Alo Moto Legging Trade Dress, the Alo Moto Legging Trade Dress has acquired

14  secondary meaning in the minds of the purchasing public such that consumers identify

15  apparel exhibiting the Alo Moto Legging Trade Dress, as originating from only one

16  source – CIA.

17       28.    CIA has the exclusive right to use the Alo Moto Legging Trade Dress in

18  interstate commerce, and on information and belief, CIA's use has been exclusive

19  since it first adopted the Alo Moto Legging Trade Dress, with the exception of

20  unauthorized uses such as Defendants' as described in this Complaint.

21       29.    CIA's Alo Moto Legging Trade Dress is extremely valuable to CIA.

22  CIA will suffer irreparable harm if Defendants or other third parties are permitted to

23  sell apparel goods that unlawfully copy the Alo Moto Legging Trade Dress.

24       30.    The Alo Moto Legging Trade Dress, and the goodwill of CIA's business

25  in connection thereto, are valid and subsisting and remain in full force and effect and

26  have never been abandoned.

27       31.    Long after CIA's adoption of the Alo Moto Legging Trade Dress,

28  Defendants commenced advertising, distributing, selling and offering for sale their

Rutan & Tucker, LLP
attorneys at law

Stretch Prim Legging, which unlawfully copies or imitates the Alo Moto Legging Trade Dress. True and correct copies of photographs of the Stretch Prim Legging as displayed on Defendants' website (https://FitGirlsInspire.com), Facebook Account, and Instagram Account are attached hereto as **Exhibit C**.

32.    A side by side visual comparison of CIA's Alo Moto Legging Trade Dress and Defendants' infringing Stretch Prim Legging is shown below in Table 2, and also attached as **Exhibit E**.

| Table 2: Trade Dress Comparison | |
| --- | --- |
| **CIA's Alo Moto Legging Trade Dress** | **Defendants' Stretch Prim Legging** |
|  |  |

| Table 2: Trade Dress Comparison | |
| --- | --- |
| **CIA's Alo Moto Legging Trade Dress** | **Defendants' Stretch Prim Legging** |
|  |  |

33.    On information and belief, Defendants have, are, and will continue to manufacture, distribute, advertise, sell and offer for sale their unauthorized products in this judicial district and throughout the United States unless enjoined by this Court.

34.    Defendant's manufacturing, distribution, advertising, sale and offering for sale of products copying the Alo Moto Legging Trade Dress is not authorized or approved by CIA.

35.    On information and belief, Defendants' activities complained of herein constitute willful and intentional infringement of the Alo Moto Legging Trade Dress.

36.    Defendants' use of the Alo Moto Legging Trade Dress is likely to cause confusion in the minds of the consuming public, and has damaged and is damaging CIA's valuable intellectual property rights by creating the false impression that Defendants and/or their infringing product is authorized, sponsored, endorsed, and/or approved by CIA, or that their infringing product originates from CIA, when it does not.

Rutan & Tucker, LLP
attorneys at law

2314/101795-0223
10910431.3 a05/30/17

-9-

COMPLAINT

## FIRST CLAIM FOR RELIEF

### (Patent Infringement - 35 U.S.C. § 271)

37.    CIA repeats and incorporates by this reference each and every allegation contained in paragraphs 1 through 36 above, inclusive, as though set forth in full.

38.    Defendants, without authorization from CIA, have made, used, offered for sale, sold, and/or imported in or into the United States, and continue to make, use, offer for sale, sell, and/or import in or into the United States, leggings having a design that infringes the '731 Patent.

39.    CIA has been and will continue to be irreparably harmed by Defendants' infringement of the '731 Patent.

## SECOND CLAIM FOR RELIEF

### (Trade Dress Infringement - 15 U.S.C. § 1125(a))

40.    CIA repeats and incorporates by this reference each and every allegation contained in paragraphs 1 through 39 above, inclusive, as though fully set forth herein.

41.    The Alo Moto Legging Trade Dress is a unique, distinctive, non-functional style with unique, distinctive, non-functional characteristics, including without limitation, the total image and overall appearance determined by its features such as the size, dimensions, shape, cut, fabric and unique ornamental striping.

42.    CIA's Alo Moto Legging Trade Dress is known for, and recognized by, the relevant purchasing public and trade as originating from CIA.

43.    The Alo Moto Legging Trade Dress is unique, distinctive and non-functional.  To the extent any utility exists, it is not necessary to the purpose, quality, or source identifying characteristics of the Alo Moto Legging Trade Dress.

44.    The Alo Moto Legging Trade Dress has acquired distinctiveness within the meaning of the Lanham Act.

45.    Defendants' manufacturing, distribution, advertising, sale and offering for sale of their infringing Stretch Prim Legging has been and is without CIA's

1 consent, and constitutes designation of a term, symbol, device or combination thereof

2 that is false or misleading within the meaning of 15 U.S.C. § 1125(a).

3       46.    On information and belief, Defendants are now committing the acts

4 complained of above with full knowledge that their acts are unlawful.

5       47.    Defendants have displayed a willful course of conduct toward

6 appropriation and destruction of CIA's rights in and to the Alo Moto Legging Trade

7 Dress.

8       48.    Defendants' wrongful acts and conduct as alleged herein have permitted

9 or will permit them to generate substantial sales and profits on the strength of CIA's

10 advertising, sales, consumer recognition, and good will in connection with the Alo

11 Moto Legging Trade Dress.

12       49.    As a result of Defendants' wrongful acts alleged herein, CIA has suffered

13 and will continue to suffer monetary damage in an amount not thus far determined.

14       50.    On information and belief, Defendants' acts of trade dress infringement

15 in violation of the Lanham Act have caused financial injury and damages to CIA and

16 have been willful, making this an exceptional case within the meaning of the Lanham

17 Act, 15 U.S.C. section 1117, thereby entitling CIA to treble?? damages, attorneys'

18 fees, and costs.

19       51.    Defendants' acts and conduct constitute trade dress infringement that has

20 caused and, unless restrained and enjoined by this Court, will continue to cause

21 irreparable harm, damage, and injury to CIA's good will and business reputation.

22       52.    CIA is entitled to damages as a result of Defendants' actions and conduct

23 and, because such damages alone do not provide CIA with an adequate remedy at law,

24 CIA is entitled to injunctive relief.

25 **THIRD CLAIM FOR RELIEF**

26 **(Unfair Competition)**

27       53.    CIA repeats and incorporates by this reference each and every allegation

28 contained in paragraphs 1 through 52 above, inclusive, as though set forth in full.

Rutan & Tucker, LLP
attorneys at law

54. Defendants have, without authorization from CIA, used the Alo Moto Legging Trade Dress as described above.

55. Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to CIA, including but not limited to injury to CIA's goodwill and business reputation.

56. Defendants' unauthorized actions and conduct as alleged herein constitute unfair competition under California common law.

57. Defendants' unfair competition with CIA was, and is, done willfully, maliciously, and in intentional disregard of CIA's rights.

58. Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to CIA, including but not limited to injury to CIA's goodwill and business reputation.

59. CIA has suffered, is suffering, and will continue to suffer irreparable injury for which CIA has no adequate remedy at law. CIA is therefore entitled to a permanent injunction against further infringing conduct by Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, CIA prays for an order and judgment against Defendants, and each of them, as follows:

1. That Defendants, and each of them, have infringed the '731 Patent;

2. That Defendants, and each of them, and their owners, partners, agents, servants, distributors, affiliates, employees, representatives, and all those in privity or acting in concert with Defendants or on their behalf, be permanently enjoined and restrained from, directly or indirectly making, selling, offering to sell, using, or importing any product that infringes the '731 Patent;

3. A judgment and order requiring Defendants to pay CIA all damages caused by Defendants' infringement of the '731 Patent (but in no event less than a reasonable royalty) pursuant to 35 U.S.C. § 284, or the total profit made by Defendants from their infringement of the '731 Patent pursuant to 35 U.S.C. § 289;

Rutan & Tucker, LLP
attorneys at law

2314/101795-0223
10910431.3 a05/30/17

-12-

COMPLAINT

1    4.    A judgment and order requiring Defendants to pay CIA supplemental

2  damages or profits for any continuing post-verdict infringement up until entry of the

3  final judgment, with an accounting, as needed;

4    5.    A judgment and order requiring Defendants to pay CIA increased

5  damages up to three times the amount found or assessed pursuant to 35 U.S.C. § 284;

6    6.    A judgment and order requiring Defendants to pay CIA pre-judgment

7  and post-judgment interest on any damages or profits awarded;

8    7.    A determination that this action is an exceptional case pursuant to the

9  Patent Act and the Lanham Act;

10    8.    An award of CIA's attorneys' fees for bringing and prosecuting this

11  action;

12    9.    That Defendants and their officers, directors, partners, agents, servants,

13  employees, attorneys, confederates, and all persons acting for, with, by, through or

14  under them, and any others within their control or supervision, and all others in active

15  concert or participation with the above, be enjoined during the pendency of this action

16  and permanently thereafter from using the Alo Moto Legging Trade Dress in the

17  manufacturing, marketing, sales, distribution, promotion, advertising, identification,

18  or in any other manner in connection with apparel in the United States.

19    10.    That Defendants, and each of their officers, directors, partners, agents,

20  servants, employees, attorneys, confederates, and all persons acting for, with, by,

21  through or under them, and any others within their control or supervision, and all

22  others in active concert or participation with the above, be enjoined during the

23  pendency of this action and permanently thereafter from using the Alo Moto Legging

24  Trade Dress in any form or manner that would tend to identify or associate

25  Defendants' business or goods with CIA in the manufacturing, marketing, sale,

26  distribution, promotion, advertising, identification, or in any other manner in

27  connection with apparel or accessories in the United States;

28

Rutan & Tucker, LLP
attorneys at law

2314/101795-0223
10910431.3 a05/30/17
-13-
COMPLAINT

1    11.    That Defendants, and each of their officers, directors, partners, agents,
2 servants, employees, attorneys, confederates, and all persons acting for, with, by,
3 through or under them, and any others within their control or supervision, and all
4 others in active concert or participation with the above, be enjoined during the
5 pendency of this action and permanently thereafter from representing to anyone,
6 either orally or in writing, that their business or goods are affiliated with CIA in any
7 way or are approved by CIA;

8    12.    For an order requiring Defendants to cease offering for sale their Stretch
9 Prim Legging, and to destroy all patterns, stencils, molds, plates, masters, or means
10 of creating the infringing items;

11    13.    For an order requiring Defendants to instruct, within thirty (30) days
12 after the entry of any preliminary or permanent injunction, any third-party website
13 that carries Defendants' Stretch Prim Legging to cease selling the Stretch Prim
14 Legging at the earliest possible date;

15    14.    For an order requiring Defendants to file with the Clerk of this Court and
16 serve CIA, within thirty (30) days after the entry of any preliminary or permanent
17 injunction, a report in writing, under oath, setting forth in detail the manner and form
18 in which Defendants have complied with 9 through 14 above;

19    15.    For an award of defendant's profits, damages sustained by plaintiff
20 according to proof, and the costs of the action, pursuant to 15 U.S.C. 1117;

21    16.    For an award of three times CIA's damages or Defendants' profits in
22 view of the intentional and willful nature of Defendants' acts, pursuant to 15 U.S.C.
23 section 1117;

24    17.    For an award of punitive damages according to proof;

25    18.    An award of CIA's costs and expenses incurred in bringing and
26 prosecuting this action; and;

27    19.    For such further relief as this Court shall deem just and proper.

28

Rutan & Tucker, LLP
attorneys at law

2314/101795-0223
10910431.3 a05/30/17                    -14-                              COMPLAINT

1   Dated:  May 30, 2017                    RUTAN & TUCKER, LLP
                                              MICHAEL ADAMS
2                                             BENJAMIN DEMING

3

4                                           By: */s/ Michael Adams*
                                              _____
5                                               Michael Adams
                                                Attorneys for Plaintiff
6                                               COLOR IMAGE APPAREL, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Rutan & Tucker, LLP**
*attorneys at law*

2314/101795-0223
10910431.3 a05/30/17                        -15-                              COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2     CIA hereby demands a jury trial in this action for all issues so triable.

3

4  Dated:  May 30, 2017            RUTAN & TUCKER, LLP
                                    MICHAEL ADAMS
5                                   BENJAMIN DEMING

6

7                                  By:  */s/ Michael Adams*

8                                      Michael Adams
                                       Attorneys for Plaintiff
9                                      COLOR IMAGE APPAREL, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28